IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH E. BRADFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06-1085-MLB |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER ON MOTION TO REMAND**

Now on this 23rd day of August, 2006, Defendant's Motion to Remand comes before the court. Defendant appears by her attorney Robin B. Moore, Assistant U.S. Attorney; plaintiff appears by her attorney, Garry L. Howard, there are no other appearances.

After review of Defendant's Motion to Remand and Memorandum in Support, the court finds that remand is appropriate in this case.

IT IS THEREFORE ORDERED that the original decision of the ALJ is reversed and the case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g).

IT IS ORDERED FURTHER that this judgment shall constitute a final judgment under Rule 58 of the Federal Rules of Civil Procedure.

IT IS ORDERED FURTHER that upon remand, the Appeals Council will remand Plaintiff's case to an ALJ for further development. The ALJ will reevaluate the medical evidence. Although not indicating what weight he gave them, the ALJ stated that he agreed with the opinions of State agency physicians and that evidence received after reconsideration did not provide any new or material information that would have significantly altered any finding about Plaintiff's residual functional capacity (RFC). Nevertheless, the State agency physicians did not see the later statement

signed by Plaintiff's treating physician Ralph Bellar, M.D., and by treating Physician's Assistant Stan Wedman, indicating that Plaintiff was disabled and would have to take unscheduled breaks from work three to five times a week, would have to lie down, and would be absent more than four days per month.

Further, the ALJ did not indicate what weight he gave to the opinions of Dr. Bellar or P.A. Wedman, except to state that they were not given controlling or substantial weight. In addition, the record indicates that Plaintiff receives injections for his headaches approximately twice a week and is then advised to go home and rest.

After the ALJ's decision, additional medical evidence was submitted to the Appeals Council but was not made a part of the transcript and was not acknowledged by the Appeals Council. The ALJ will consider all of the medical evidence, considering all of the relevant factors set forth in 20 C.F.R. § 404.1527 and indicate what weight he gave to each medical opinion.

The ALJ will address the statements by Plaintiff's former employers and reconsider the credibility of Plaintiff and his wife, addressing the factors in 20 C.F.R. § 404.1529. The ALJ will reassess Plaintiff's RFC, providing a function by function analysis and sufficient rationale with specific references to evidence of record in support of the assigned limitations. The ALJ must discuss the evidence he considered in reaching his conclusions, including the uncontroverted evidence he disregarded in reaching his decision and the significant evidence that he did not accept. The ALJ will indicate what parts of Plaintiff's testimony he found credible and what parts he found not credible, and will link his credibility findings closely and affirmatively to substantial evidence. If warranted by the expanded record, the ALJ will obtain vocational expert testimony.

Remand will expedite administrative review, ensure that the Commissioner properly considers Plaintiff's claim, and could make judicial review unnecessary. The fact that the ALJ's

decision was deficient does not mean that Plaintiff is automatically entitled to benefits during the relevant period.   In this case, Plaintiff's claim should be remanded for fact finding by the ALJ in the first instance.

IT IS FURTHER ORDERED pursuant to Rule 58 of the Federal Rules of Civil Procedure that this is a final judgment reversing and remanding this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g).  Entry of this order will begin the appeal period which determines the 30 day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act.

IT IS SO ORDERED.

s/Monti Belot
MONTI L. BELOT
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KENNETH E. BRADFIELD V. SSA
CIVIL ACTION NO. 06-1085-WEB
ORDER ON MOTION TO REMAND


APPROVED:

ERIC F. MELGREN
United States Attorney



s/Robin B. Moore
ROBIN B. MOORE, #10440
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, KS 67202
(316) 269-6481
(316) 269-6484 (FAX)
robin.moore@usdoj.gov

OF COUNSEL
Frank V. Smith III
Chief Counsel, Region VII
Social Security Administration

C. Geraldine Umphenour, #12644
Assistant Regional Counsel



 s/Garry L. Howard
GARRY L. HOWARD, #10060
Slape & Howard, Chtd.
1009 S. Broadway
Wichita, Kansas 67211
(316) 262-3445
ghoward@slapehoward.com

4